IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PATRICIA M. RUFFINO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 12-684-GPM |
| ) | |
| UNUM LIFE INSURANCE COMPANY ) | |
| OF AMERICA, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Patricia Ruffino filed her original action in June 2012 against Unum Life Insurance Company of America ("Unum") (Doc. 2-2). Plaintiff then filed an amended complaint in April 2013 and added the Zoological Park Subdistrict of the Metropolitan Zoological Park and Museum District ("the St. Louis Zoo") as a defendant (Doc. 31).[1] On June 17, 2013, Plaintiff filed a motion to dismiss Unum with prejudice because her claims against Unum had been settled (Doc. 32). That same day, the St. Louis Zoo filed its own motion to dismiss pursuant to Rule 12(b)(6) (Doc. 34). Both motions to dismiss were set for hearing on October 21, 2013 (Doc. 44). Plaintiff then filed another motion to dismiss Unum, which Unum joined (Doc. 45). Plaintiff and Unum state that they have entered into a Release and Settlement Agreement, and Unum would like to save the cost and expense of attending the hearing on October 21st (Doc. 45).

The first motion to dismiss Unum filed by Plaintiff *only* (Doc. 32) is presently before the

---

[1] In her amended complaint, Plaintiff named the "St. Louis Zoological Park" as the Defendant (Doc. 31), which is not the correct name, as Defendant pointed out in its motion to dismiss (Doc. 34).

Court. By the time Plaintiff that motion, Unum had already filed its answer to Plaintiff's complaint (Doc. 19). Therefore, the Court deems Plaintiff's motion is brought pursuant to Rule 41(a)(2). *See* FED. R. CIV. P. 41(a)(1)(A)(i); 41(a)(2). Under Rule 41(a)(2), an action may be dismissed at the plaintiff's request by court order, on terms that the court considers proper. FED. R. CIV. P. 41(a)(2). Although Rule 41(a) speaks of dismissal of "an action" rather than of dismissal of certain claims in an action, in this Circuit "[d]ismissal of all claims against a particular defendant is . . . considered dismissal of an 'action' for purposes of Rule 41(a)." *Ward v. Gaetz*, Case No. 10-cv-640-GPM, 2011 WL 977921, at *1 (S.D. Ill. Mar. 18, 2011). *See also Quad/Graphics, Inc. v. Fass,* 724 F.2d 1230, 1233 (7th Cir.1983) ("In the context of a partial settlement, Rule 41(a)(2) is usually the mechanism by which the settling defendants are eliminated from the case.")

The purpose of Rule 41(a)(2) is to permit plaintiffs to voluntarily dismiss an action, with court approval, so long as no other party will be prejudiced. *See Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994); *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971). A plaintiff's right to a voluntary dismissal without prejudice is not absolute; rather, dismissal on motion under Rule 41(a)(2) is within the sound discretion of the court. *Futch v. AIG, Inc.,* Case No. 07–cv-402–GPM, 2007 WL 1752200, at *2 (S.D. Ill. June 15, 2007), *citing FDIC v. Knostman,* 966 F.2d 1133, 1142 (7th Cir.1992). "In exercising its discretion the court follows the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice . . . ." *Stern*, 452 F.2d at 213.

In this instance, based on the fact that Unum subsequently joined Plaintiff's motion to dismiss, it is clear to the Court that Unum has no claim that it will suffer plain legal prejudice if

Plaintiff's claims against it are dismissed. To the extent the interests of the other Defendant in this case, the St. Louis Zoo, are relevant in evaluating the propriety of dismissing Plaintiff's claims against Unum, the Court sees no likelihood that voluntary dismissal will cause them plain legal prejudice. Moreover, the Zoo has not responded to Plaintiff's motion or otherwise objected, and therefore it has not put forth a claim that it will suffer plain legal prejudice if Plaintiff's claims against Unum are dismissed. Therefore, the Court will not intercede in Plaintiff's decision to settle with Unum. *See Quad/Graphics, Inc.*, 724 F.2d at 1233.

Plaintiff's motion to dismiss Unum (Doc. 32) is **GRANTED**. Defendant Unum Life Insurance Company of America is **DISMISSED with prejudice** from this action. The joint motion to dismiss filed by Plaintiff and Unum (Doc. 45) is **DENIED as moot**. The Clerk of the Court is **DIRECTED** to correct the Court's docket sheet to reflect the proper name of the remaining Defendant: Zoological Park Subdistrict of the Metropolitan Zoological Park and Museum District.

**IT IS SO ORDERED.**

DATED:   October 7, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge